UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 09-CR-20602-KING/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIE WALKER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant WILLIE WALKER's Motion to Suppress Physical Evidence (DE 18) filed on September 28, 2009. On September 29, 2009, this motion was referred to the undersigned for appropriate proceedings by the Honorable James Lawrence King pursuant to 28 U.S.C. § 636(b). Accordingly, the undersigned conducted an evidentiary hearing on this motion on October 21, 2009. Based on the facts as found herein and applicable law, and in consideration of oral argument of counsel, the undersigned recommends that Defendant's Motion to Suppress Physical Evidence be DENIED.

## FINDINGS OF FACT[1]

On March 18, 2009, Officer Emile Wilson was patrolling on the north side of Miami, Florida, in a marked police cruiser. Officer Wilson was assigned to the north side response unit in which he had worked for six (6) of his twelve (12) years as a Miami police officer. Just before 11:00 p.m., Officer Wilson heard a radio dispatch of an aggravated assault with

---

[1] These factual findings are based on the testimony of Officer Emile Wilson of the Miami-Dade Police Department, Geneza Walker, defendant's wife, and Kennedy Bellamy who testified at the suppression hearing. Inconsistencies in this testimony are resolved based on the court's assessment of the credibility of each witness and, where necessary, as explained more fully below.

a firearm which had just occurred near the intersection of 36th Street and 27th Avenue. The radio dispatcher advised that the suspect was a black male wearing a white shirt and orange shorts. The dispatcher also advised that a gunshot had been fired during the reported crime.

Officer Wilson, working alone that evening, responded to the area. Upon arrival, he noticed a black male matching the alleged assailant's physical description. This suspect, later identified as WILLIE WALKER, saw Officer Wilson approaching and immediately turned and began walking away. Officer Wilson exited his vehicle and ordered defendant to stop. Defendant did not do so. Rather, he quickened his pace and walked toward an apartment building located on 49th Street. Officer Wilson, believing defendant to be armed, drew his service revolver and followed a few paces behind him. Officer Wilson repeated his order for defendant to stop but defendant did not do so. Instead, he entered a first floor apartment and partially closed the front door.

Officer Wilson, now fearing for his safety and that of others possibly inside the apartment, followed defendant into the residence. Officer Wilson did so in "hot pursuit" of defendant whom he believed had committed the aggravated assault with a weapon reported only minutes earlier. Officer Wilson found defendant standing near a duffel bag in the bedroom of the apartment. Officer Wilson ordered defendant to show his hands. At that point, other police officers entered the apartment, arrested defendant after a brief struggle, and took him into the living room of the apartment. Officer Wilson then questioned a female in the apartment, later determined to be defendant's wife, who said there were no firearms in the residence.[2]

---

[2]Geneza Walker, defendant's wife, testified at this suppression hearing and related a conflicting account of events that evening. Ms. Walker testified that defendant had been watching a Miami Heat game with her until just before it ended when he left the apartment for a few minutes to purchase cigarettes at a small store located just outside the gated apartment complex. Mrs. Walker recalls defendant returning from the store a few minutes
(continued...)

Officer Wilson returned to the bedroom where defendant had been located and observed at least one firearm in plain sight inside the open duffel bag lying on the floor. The officers took custody of the bag and removed several firearms from inside which they secured and sized as evidence. Defendant was arrested and the officers exited the apartment with no further search of the premises.

## ANALYSIS

Defendant moves to suppress all physical evidence found inside his apartment, including the firearms found in the duffel bag, on the ground that this evidence was discovered as a result of an illegal search of his residence in violation of his rights under the Fourth Amendment to the United States Constitution. Defendant argues that no applicable exception to the warrant requirement such as consent to search or exigent circumstances justified the warrantless search.

The government opposes defendant's motion arguing that the police had probable cause to believe that defendant had committed a felony offense, *i.e.*, aggravated assault with a firearm, and that exigent circumstances allowed for the warrantless entry into defendant's apartment including "hot pursuit" of a suspect, defendant's likely flight or destruction of evidence, and the safety of the law enforcement officers and possibly others in the apartment or surrounding area.

---

[2](...continued)
later and asking her how the game had ended. About ten (10) minutes later, Mrs. Walker heard a police radio outside the door of the apartment. Mrs. Walker opened the inside door to see what was occurring at which time several police officers entered her residence without her consent and arrested defendant who was then seated on the living room couch.

The Court finds that Mrs. Walker's testimony conflicts with both the credible testimony of Officer Wilson and that of a neighbor, Kennedy Bellamy, who testified that he (Bellamy) and defendant had been together for several hours that evening at the nearby store, and that defendant had had a verbal altercation with someone who apparently later reported that defendant had fired a shot at him. Finding this conflicting testimony irreconcilable, the Court accepts the testimony of Officer Wilson which is corroborated by a written report of the officer dictated that same evening.

Defendant and the government agree on the law applicable to this motion. The government correctly summarizes that law in its response noting that the Fourth Amendment prohibits police officers from making a warrantless and nonconsensual entry into a suspect's home to make a routine arrest. *See Payton v. New York*, 445 U.S. 573 (1980). However, the Supreme Court has recognized that circumstances sometimes preclude the obtaining of a warrant and therefore has allowed warrantless searches and seizures inside a residence where both probable cause and exigent circumstances exist. *See Warden v. Hayden*, 387 U.S. 294, 298 (1967); *Katz v. United States*, 389 U.S. 347, 357 (1967); *Vale v. Louisiana*, 399 U.S. 30, 35 (1970); *United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir. 1991); *United States v. Burgos*, 720 F.2d 1520, 1525 (11th Cir. 1983); *United States v. Blasco*, 702 F.2d 1315, 1325 (11th Cir. 1983). This exception is carefully applied on a case-by-case basis. *See United States v. Santa*, 236 F.3d 662 (11th Cir. 2000); *United States v. Reid*, 69 F.3d 1109 (11th Cir. 1995). The government bears the burden of demonstrating exigent circumstances. *See Coolidge v. New Hampshire*, 403 U.S. 443 (1971); *United States v. Holloway*, 290 F.3d 1331 (11th Cir. 2002). Probable cause exists "when the police have knowledge of facts and circumstances sufficient to warrant a belief by a person of reasonable caution that the suspect has committed or is committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *United States v. Allison*, 953 F.2d 1346, 1349-50 (11th Cir. 1992). In addition, probable cause may be based on information provided by victims or eyewitnesses.

"The term 'exigent circumstances' refers to a situation where the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." *Burgos*, 720 F.2d at 1526. See also *Cady v. Dombrowski*, 413 U.S. 433, 447 (1973) (noting circumstances where the delay attributable to obtaining a warrant might endanger the police or the general public). Federal courts have recognized the following situations in which exigent circumstances exist: (1) when evidence is in imminent danger of

destruction, *Ker v. California*, 374 U.S. 23, 41-42 (1963); (2) when police are in hot pursuit of a suspect, *United States v. Santana*, 427 U.S. 38, 42-43 (1976), *United States v. Ramos*, 933 F.2d 968, 972 (11th Cir. 1991); *United States v. Standridge*, 810 F.2d 1034, 1037 (11th Cir. 1987); *Blasco,* 702 F.2d at 1325; (3) when a suspect is likely to flee prior to the officers obtaining a warrant, *United States v. Milian-Rodriguez*, 759 F.2d 1558, 1565 (11th Cir. 1985); or (4) when the safety of law enforcement officers or the general public is threatened, *Warden*, 387 U.S. at 298-99.

In the context of hot pursuit of a fleeing criminal, factors which indicate exigent circumstances include: "(1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) a reasonable belief that the suspect is armed; (3) probable cause to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that delay could cause the escape of the suspect or the destruction of essential evidence, or jeopardize the safety of officers or the public." *Standridge*, 810 F.2d at 1037.

Applying these legal principles here, the undersigned finds that Officer Wilson and the other police officers did not violate defendant's Fourth Amendment rights because of several exigent circumstances which existed at the time the officers entered his apartment. First, as a preliminary matter, the undersigned finds that the police officers had probable cause to belief that defendant had committed a felony offense, namely, aggravated assault with a firearm or another state crime, as reported by the victim.  Officer Wilson, only minutes earlier, had heard his radio dispatcher advising police officers of an assault in the area of the subject apartment reported by a victim who described his assailant as a black male wearing a white shirt and orange pants who allegedly attacked him and fired at him with a firearm.  Officer Wilson immediately responded to the area and found the suspect wearing a white shirt and orange pants standing outside of an apartment complex.  Officer Wilson approached the suspect, later identified as defendant, who immediately turned and

walked quickly away from the officer despite a verbal order to stop. Officer Wilson followed defendant, repeating his order to stop, which only resulted in defendant quickening his pace and entering the subject apartment. Officer Wilson followed defendant from only a few yards behind but could not see defendant's hands to determine whether he still had a firearm. Believing defendant to be the suspect described by the victim, and not knowing whether defendant was still armed, Officer Wilson rightly concluded that he had probable cause to pursue defendant in both "hot pursuit" of a fleeing suspect and for the safety of himself and others possibly inside the apartment.

Having probable cause to believe that defendant had committed an offense, the police officers also correctly concluded that exigent circumstances existed permitting a warrantless entry into the apartment. As stated above, exigent circumstances exist "when the inevitable delay incident to obtaining a warrant must give way to an urgent need for immediate action." *Ramos*, 933 F.2d at 972 (quoting *Satterfield*, 743 F.2d at 844). Here, Officer Wilson found defendant only minutes after the reported offense and reasonably believed that defendant was likely armed and dangerous due to the crime reported by the victim. Officer Wilson tried unsuccessfully to apprehend or at least question defendant by walking toward him and ordering him to stop. Defendant refused to do so; choosing instead to walk quickly from the officer and enter the subject apartment. Officer Wilson, not knowing whether others were inside, and believing that his safety and possibly that of others inside the apartment was in jeopardy, immediately followed defendant into the apartment in "hot pursuit" of a fleeing suspect. Defendant was clearly suspected of a serious felony offense involving a firearm, and was reasonably believed to be armed at the time of the pursuit. Defendant had been seen entering the subject apartment which might well have been occupied by others or provide an escape through a rear exit. These

exigent circumstances provided sufficient grounds for the officers to enter the apartment without a search warrant.[3]

Reviewing the totality of the circumstances here, the undersigned concludes that the police officers acted quickly, appropriately, and within the law in entering the apartment without a warrant. Defendant challenges their entry on facts not found by the undersigned offered by conflicting witnesses called by defendant at the suppression hearing. Under the facts as found herein and applicable law, the undersigned concludes that defendant's Fourth Amendment rights were not violated by the warrantless entry into the apartment under the circumstances of this case.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned recommends that Defendant's Motion to Suppress Physical Evidence be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable James Lawrence King, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. § 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982); *cert. denied*, 460 U.S. 1087 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); see also *Thomas v. Arn.*, 474 U.S. 140 (1985), reh. denied, 474 U.S. 1111 (1986).

**RESPECTFULLY SUBMITTED** this 22nd day of October, 2009 in Miami, Florida.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable James Lawrence King
All counsel of record

---

[3] The government also correctly argues that the officers were justified in doing so because defendant might have attempted to destroy evidence before a search warrant could be obtained.